# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

DONNA HICKS                                                                   PLAINTIFF

v.                                    CASE NO. 2:08CV00075 BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donna Hicks, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket entry #4)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by degenerative disk disease, heart problems, obesity and knee problems. (Tr. 49, 310) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through January 5, 2007, the date of his decision. (Tr. 21-22) On April 21, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 2-4) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 49 years old at the time of the hearing. (Tr. 316, 320) She is a high school graduate with some college. (Tr. 145, 320, 323) She has past relevant work as a cook, waitress and cosmetologist. (Tr. 21, 136, 322, 324, 337)

2

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work.  If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant cannot perform past relevant work, the ALJ proceeds to Step 5, which requires a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) .  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.[2]  (Tr. 16)  He found that Plaintiff had "severe" impairments: degenerative disk disease and mild spondylosis of the lumbar spine, degenerative joint disease of both knees, arthralgias, a granulomatous lung condition, and obesity.  (Tr. 17)  He found she did not have an impairment or combination of impairments that met or equaled a Listing.  *Id.*  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  (Tr. 17-19)

The ALJ found that Plaintiff retained the residual functional capacity for a narrowed range of light work.  (Tr. 19)  He determined she was unable to perform any of her past

---

[2] In an obvious conflict, the ALJ also noted, "She earned $4372 in 2004; $7943 in 2005; and $8241 in 2006.  She was actually engaged in substantial gainful activity during the pertinent period at issue."  His latter statement is in error.  See http://www.ssa.gov/OACT/COLA/sga.html.

3

relevant work. (Tr. 20) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, welcome hostess and information clerk. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 21)

Plaintiff contends the ALJ erred by rejecting the opinions of her treating physician and Disability Determination Services physicians that she was limited to sedentary work. (Br. 9-12) She points to a Medical Source Statement completed by Wilfred Onyia, M.D., August 2, 2003. (Br. 11, Tr. 168-69) Dr. Onyia offered an opinion that Plaintiff was limited to occasionally lifting or carrying ten pounds, to standing or walking a total of three hours in an eight-hour workday, one hour continuously, and to sitting a total of five hours in an eight-hour workday, two hours continuously. (Tr. 168) The ALJ considered Dr. Onyia's opinion, but rejected it because it was not based on clinical and laboratory findings in the record. (Tr. 19) That is a recognized basis for discounting a doctor's opinion. See *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002)(treating physician's opinion not entitled to substantial weight unless well supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other substantial evidence).

> *Supportability*. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we give that opinion. . . .

20 C.F.R. §§ 404.1527(d)(3); 416.927(d)(3) (2007).

Residual functional capacity checklists, such as the one completed by Dr. Onyia, although admissible, are entitled to little weight in the evaluation of disability. *E.g.*, *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (8th Cir. 1983); see also *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting

4

treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

Furthermore, the record does not support Plaintiff's contention that Dr. Onyia was a treating physician. It appears that Dr. Onyia saw Plaintiff for only a short period of time in 2005, when she treated her for congestion and body aches, and gave her a B-12 shot (Tr. 295-98[3]). See *Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (doctor had only met with patient on three occasions when she filled out checklist). "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. §§ 404.1527(d)(2)(i) and 416.927(d)(2)(i) (2007). Plaintiff routinely named James Franks, M.D., as her treating physician. (Tr. 202, 227, 235, 243, 251, 262, 277) In September of 2005, Plaintiff did not mention Dr. Onyia among her doctors. (Tr. 86-88) Under the circumstances, the ALJ gave appropriate weight to Dr. Onyia's opinion. Furthermore, the ALJ noted the opinions of Disability Determination Services physicians, but correctly stated that he was not bound by them. (Tr. 19)

Next, Plaintiff argues that the ALJ erred by rejecting her testimony without citing reasons supported by substantial evidence. (Br. 12-16) The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[4] (Tr. 18)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator

---

[3] The Commissioner's usual practice is to provide a detailed List of Exhibits. In this case, however, the List of Exhibits lumps much evidence together, *e.g.*, "Medical Evidence." (Tr. 1) The detailed List of Exhibits is much more useful to the Court and, no doubt, to the attorneys who prepare the briefs.

[4] The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 18-19) That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), and elaborates on them.

> must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, the lack of more treatment, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, *e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff alleged an onset of disability January 1, 2004. (Tr. 49, 54, 310, 312, 320) She testified that she was working at the Blue Flame Café six hours a day, four days a week in 2004. (Tr. 321) In 2005, she worked "about" two hours a day for a total of one and one-half days a week and "about the same" in 2006. *Id.* However, as the ALJ pointed out, her earnings record reflected she earned $4372 in 2004, $7943 in 2005, and $8241 in 2006. (Tr. 53) She made more money in 2006 than she had earned any other year of her life. Reports that she completed in November of 2004 indicated that she was working at that time. (Tr. 136, 140) She was earning $5.25 an hour. *Id.* At that rate of pay, she would have had to have worked 126 hours a month in 2005 and 131 hours a month in 2006. Medical records as late of December of 2005 show Plaintiff's employed at the Blue Flame Grill. (Tr. 151, 162, 224, 232, 248, 259, 267, 274)

Plaintiff's work activity during the period that she alleges disability supports the ALJ's conclusion that she was not disabled. See *Dunahoo v. Apfel*, 241 F.3d at 1039 (seeking work and working while applying for benefits inconsistent with complaints of disabling pain); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996)(return to past work undercuts complaints of inability to perform any work); *Roe v. Chater*, 92 F.3d 672, 677 (8th Cir. 1996)(actual activities, including work, incongruous with contention that cannot work); *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996)(work activity belies claim of disabling pain); *Cruze v. Chater*, 85 F.3d 1320, 1324 (8th Cir. 1996)(active lifestyle and performance of odd jobs tend to prove claimant can work); *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)(wide range of activities, including working two days a week, supports finding of no disability); *Bentley v. Chater*, 52 F.3d 784, 786 (8th Cir. 1995)(seeking work incompatible with disability); *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)(intention to work tends to prove ability to work); *Starr v. Sullivan*, 981 F.2d 1006, 1008 n.3 (8th Cir. 1992)(even though not substantial gainful activity, work activity determinative of capacity

for work); *Thompson v. Sullivan*, 878 F.2d 1108, 1110 (8th Cir. 1989)(any work during claimed disability may show capacity for substantial gainful activity). In addition to working, Plaintiff returned to college in 2004-05. (Tr. 155, 323)

The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Substantial evidence supports the ALJ's credibility determination.

Third, Plaintiff argues that the ALJ erred by finding that she retained the residual functional capacity for light work with a sitting and standing option because there is no medical evidence to support that finding. (Br. 16-19) In April, 2005, Plaintiff underwent a general physical examination. (Tr. 183-89) Plaintiff had a full range of motion in the spine and all extremities except for mild limitation of flexion of the lumbar spine. (Tr. 186) Muscle strength was 5/5.[5] (Tr. 187) There was no evidence of muscle atrophy, and no sensory abnormalities were noted. *Id.* Coordination was normal; her gait was waddling. *Id.* She had ability to hold a pen and write, touch fingertips to palms, grip, oppose thumb to fingers, pick up a coin and stand and walk without assistive device. *Id.* There was no edema. (Tr. 188) There was no evidence of serious mood disorder or psychosis; she was oriented to time, person and place. *Id.* The doctor indicated she was moderately limited in her ability to walk, stand, sit, lift, carry, handle objects and travel due to her morbid obesity. (Tr. 189)

In 2003, Plaintiff weighed between 323 and 329½ pounds. (Tr. 262, 286-89) At her hearing, she testified that her weight remained fairly constant and estimated her weight at

---

[5]One useful scale for grading muscle strength assigns 0 to no visible muscle contraction, 1 to trace movement, 2 to limb movement when gravity is eliminated, 3 to movement against gravity but not resistance, 4 to movement against resistance supplied by the examiner and 5 to normal strength. The Merck Manual 1751 (18th ed. 2006).

330 pounds. (Tr. 324) Plaintiff's obesity was a longstanding impairment, and she was capable of performing similar and greater exertional work despite her weight. See *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)(claimant had 16 year work history despite weight). Substantial evidence supports the ALJ's residual functional capacity determination, as does some medical evidence.

Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's, to prove the claimant's residual functional capacity. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Finally, Plaintiff argues that the hypothetical question was insufficient because it incorporated a deficient residual functional capacity. (Br. 19-20) Since the Court has determined the residual functional capacity determination was not deficient, this argument also fails.

It is not the task of this Court to review the evidence and make an independent decision; nor may it reverse the decision of the ALJ because there is evidence in the record which contradicts the findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g.*, *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also

*Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

Accordingly, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED this 17th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE